IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

PHYLLIS D. SALTER,                    )
                                      )
              Plaintiff,              )      CIVIL ACTION NO. 1:07cv445-WC
                                      )
        v.                            )
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
              Defendant.              )

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

Plaintiff Phyllis D. Salter applied for disability insurance benefits pursuant to Title II

of the Social Security Act, 42 U.S.C. § 401 *et seq.* (2000) and for supplemental security

income benefits under Title XVI, 42 U.S.C. § 1381 *et seq.* (hereinafter collectively "the

Act").   Her applications were denied at the initial administrative level.   Plaintiff then

requested and received a hearing before an Administrative Law Judge (ALJ).  Following the

hearing, the ALJ also denied the claims.  The Appeals Council rejected a subsequent request

for review.  The ALJ's decision consequently became the final decision of the Commissioner

of Social Security (Commissioner).[1]   *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to

Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #8).  Based on the Court's review

of the record and the briefs of the parties, the Court REVERSES the decision of the

Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next

question, or, on steps three and five, to a finding of disability.  A negative

answer to any question, other than step three, leads to a determination of "not

---

[2]A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory
diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ISSUES

### A.   *Introduction*

Plaintiff was thirty-eight years old and had completed her high school education at the

4

time of the hearing before the ALJ. (Tr. 33-34). Plaintiff's past relevant work experience included work as a "binder," a nursing assistant in a convalescent home, and a small motor assembler. (Tr. 37-40). Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 14, 2003 (Step 1). (Tr. 19). At Step 2, the ALJ found Plaintiff suffers from severe impairments which "cause significant vocationally relevant limitations." (Tr. 19). The ALJ nonetheless found Plaintiff did not possess an impairment or combination of impairments that met or equaled the criteria of any listed impairment set forth in the Listing of Impairments and, additionally, that no "treating or examining physician has mentioned findings which are equivalent in severity to the criteria of any listed impairment." (Tr. 19). Thus, the ALJ found that Plaintiff could perform the full range of sedentary work (Step 3). (Tr. 20). At Step 4, the ALJ found Plaintiff could not perform her past relevant work. (Tr. 20). At Step 5, using the Medical-Vocational Guidelines, the ALJ determined that, based on her age, education, past work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy. (Tr. 20-21). Consequently, the ALJ found Plaintiff had not been disabled since the alleged onset date.

**B.    *Salter's Claims***

Plaintiff sets forth two issues: (1) whether, in light of Plaintiff's nonexertional limitations, the ALJ erred in relying upon the Medical-Vocational Guidelines rather than calling a vocational expert to determine whether Plaintiff could perform other work existing

in significant numbers in the national economy; and (2) whether the Appeals Council erred in failing to remand to the ALJ to receive additional medical expert testimony after it was provided with new and material evidence. (Doc. #21 at 7, 11).

## IV.   DISCUSSION

### A.   *Whether the ALJ erred in failing to call a VE.*

Plaintiff argues the ALJ improperly relied upon the Medical-Vocational Guidelines (the "guidelines" or "grids"), rather than procuring the testimony of a VE, in assessing the availability of employment to Plaintiff given her impairments. (Doc. #21 at 7). Plaintiff asserts that, given the ALJ's findings respecting her RFC and her inability to return to her past relevant work, her "nonexertional limitations" - specifically, "environmental restrictions, significant fatigue, and medication side effects" - rendered the guidelines inapplicable and required the testimony of a VE. (Doc. #21 at 7-8).

Defendant contends that the ALJ's reliance upon the Medical-Vocational Guidelines was appropriate because the ALJ found that Plaintiff could perform the full range of sedentary work without significant non-exertional limitations. (Doc. #26 at 3-4).

"The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform. However, 'exclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform the

full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004) (*quoting Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)) (emphasis in original).  The Eleventh Circuit has defined the "full range of work" as "being able to do 'unlimited' types of work at the given exertional level." *Id.*  Where the claimant's exertional limitations do not preclude the performance of a full range of work at a given level, the ALJ must next consider whether the claimant's nonexertional limitations limit the claimant's "basic work skills."  The claimant's "basic work skills" are significantly limited if non-exertional impairments prohibit the "claimant from performing 'a *wide* range' of work at a given level." *Id.* at 1243 (*quoting Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995)) (emphasis in original).

In this case, the ALJ found that Plaintiff "retains the residual functional capacity for the full range of sedentary work."  (Tr. 22).  Although the ALJ ostensibly did not find any non-exertional impairments which significantly limit Plaintiff's work skills, the ALJ did find that Plaintiff is precluded from working in "hazardous situations [such] as unprotected heights or dangerous machinery."  (Tr. 23).

Plaintiff contends that the ALJ's explicit finding of such an "environmental limitation" on her ability to work required the testimony of a VE because, upon finding such a limitation, the ALJ was required to determine whether that limitation effected a significant limitation on her basic work skills at the sedentary level.  According to Plaintiff, such a

finding could only properly be reached through the testimony of a VE.  Defendant asserts that a VE was not necessary because the limitations recognized by the ALJ are embedded in the Social Security Administration's concept of what sedentary work entails.  Defendant maintains this position, though, while acknowledging that "[t]here is no document which describes, in one place, the requirements of sedentary work."  (Doc. #26 at 6).  Defendant relies upon SSR 96-9p, which states that "[i]n general, few occupations in the unskilled sedentary occupational base require work in environments with . . . unusual hazards."  However, as Plaintiff demonstrates, pertinent regulations reflect that over eighty-five percent of unskilled sedentary jobs are in the "machine trades and benchwork occupational categories."  20 C.F.R. Part 404, Subpart P, App. 2, § 201.00(a) (2008).  *See also Asher v. Bowen*, 837 F.2d 825, 828 (8th Cir. 1988); *Williams v. Halter*, 135 F.Supp. 2d 1225, 1227 (M.D. Fla. 2001).

Thus, perhaps owing to the lack of a central and complete description of sedentary work, there is an inherent tension in any effort to determine whether imposed environmental limitations significantly limit available employment at the sedentary work level.  While the ALJ, and the Defendant, may justifiably suppose that few of the jobs at the sedentary level involve the types of "environmental limitations" found by the ALJ, it should not resolve such ambiguities against the Plaintiff without at least consulting a VE.  *Sanders v. Sullivan*, 983 F.2d 822, 824 (8th Cir. 1992) ("Although most unskilled sedentary jobs probably do not involve exposure to these [environmental] conditions, this court has held that such a

8

determination is improper without the benefit of further testimony such as that of a vocational expert."); *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

In this case, the ALJ recognized explicit environmental limitations on the Plaintiff's ability to work but did not consult a VE to determine whether those limitations would significantly limit her basic work skills at the sedentary level.  Because the testimony of a VE was required to determine whether the ALJ's environmental limitations would preclude Plaintiff from performing a wide range of sedentary work, the ALJ's exclusive reliance on the guidelines was erroneous.  Accordingly, this Court is unable to conclude that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence, and this Court must reverse and remand for further consideration consistent with this opinion.[5]

## V.     CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings consistent with this opinion.  A separate judgment will issue.

DONE this 26th day of November, 2008.


                                        /s/ Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE

---

[5]        In light of this finding, the Court need not reach Plaintiff's other issues.

9